UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SILVESTRE SANCHEZ-TORRES,

                    Petitioner,

vs.                              Case No.  2:03-cv-133-FtM-29DNF

JAMES  R.  MCDONOUGH[1],  Secretary,
Florida Department of Corrections,

                    Respondent.

_____

### OPINION AND ORDER

     This matter comes before the Court on Silvestre Sanchez-
Torres' (Petitioner or Sanchez-Torres) Petition for Habeas Corpus
Under 28 U.S.C. § 2254 (Doc. #1) and Memorandum of Law in Support
(Doc. #3), both filed on March 21, 2003.  Respondent Secretary of
the Florida Department of Corrections filed a Response (Doc. #8),
and Petitioner filed a Reply (Doc. #11).  On August 17, 2006, the
Court dismissed Charlie Crist and directed respondent to produce a
transcript of the state prosecutor's opening and closing arguments
during trial.  Respondent filed the transcript of the prosecutor's
opening statement and closing arguments on September 18, 2006, and
served a copy on petitioner by mail.  (Docs. #20-#22.)  Upon review
and for the reasons stated herein, the Court finds that an
evidentiary hearing is not warranted and petitioner has not

_____

[1]Pursuant to Fed. R. Civ. P. 25(d), current Secretary James R.
McDonough will be substituted as the defendant.

demonstrated the existence of any of the conditions prescribed by 28 U.S.C. § 2254(e)(2).

Petitioner challenges his convictions from the Twentieth Judicial Circuit Court, in and for Lee County, Florida, on two counts of Lewd Sexual Battery and one count of committing a Lewd Act. Petitioner was sentenced to 316 months imprisonment, and remains incarcerated in the state prison system. Petitioner raises three claims in this § 2254 petition: (1) Trial counsel provided ineffective assistance by failing to inform petitioner of the consequences of not accepting a plea offer by the State, or that the State could enhance the maximum penalty allowable by law; (2) trial counsel provided ineffective assistance by failing to strike several jurors who could not be deemed impartial; and (3) trial counsel provided ineffective assistance by failing to object to improper prosecutorial comments during opening and closing arguments. Respondent concedes the Petition is timely. (Doc. #8, pp. 8-9.)

## I.

On December 8, 1997, Petitioner was charged by Amended Information with two counts of Lewd Sexual Battery and one count of Lewd Act. Petitioner entered a plea of not guilty, and on December 18, 1997, was convicted by a jury in a trial before the Honorable Jay B. Rosman, Circuit Judge. On January 16, 1998, Petitioner was sentenced to 316 months imprisonment on each count to run concurrently, with 177 days credit for time served.

Petitioner, by and through new counsel, filed a direct appeal raising the following three issues: (1) The trial court erred in failing to grant a motion for mistrial after the prosecutor elicited from the alleged victim an opinion as to whether the police officer believed her accusation; (2) The trial court deprived Petitioner of his right to confrontation and a fair trial by failing to allow Petitioner the opportunity to impeach the alleged victim on her drug use or to refresh the alleged victim's recollection as to contradictory statements in a video taped interview with the child protection team; and (3) The trial court's jury instructions were erroneous. (Doc. #8, Exh. 1.) On December 8, 1999, the Second District Court of Appeals issued a *per curiam* decision affirming the convictions and sentence. <u>See</u> <u>Sanchez-Torres v. State</u>, 748 So. 2d 275 (Fla. 2d DCA 1999)(Table). (Doc. #8, Exh. 3.) The Mandate was issued on January 5, 2000. (Doc. #8, Exh. 4.)

On November 29, 2000, Petitioner filed a *pro se* Motion for Post-Conviction Relief, Rule 3.850. (Doc. #8, Exh. 5.) In that Motion, Petitioner raised the following eight ineffective assistance of trial counsel claims: (1) Counsel failed to inform petitioner of the consequences of not accepting the plea offer or that the state could seek the maximum sentence; (2) Counsel failed to object to the scoresheet allowing a victim injury to be scored without evidence of an injury; (3) Counsel failed to strike several

jurors who could not be deemed impartial; (4) Counsel failed to object to prosecutorial comments during opening and closing arguments; (5) Counsel conceded or implied Petitioner's guilt during closing arguments by failing to produce evidence promised during opening arguments; (6) Petitioner was effectively denied the right to counsel by the trial court's decisions; (7) Counsel failed to object to prejudicial comments regarding Petitioner's character during the direct examination of the victim; and (8) Counsel failed to object to the *ex parte* communication of the victim during cross-examination.

On April 9, 2001, the Honorable Thomas S. Reese, Circuit Judge, entered an Order Denying Without Prejudice Motion for Transcripts and Ordering State to Respond (Doc. #8, Exh. 6) to the Rule 3.850 motion.   The State filed a response with attachments from the trial record.  (Doc. #8, Exh. 7.)

On May 16, 2001, Judge Reese entered an Order Denying in Part Motion for Postconviction Relief, Setting Evidentiary Hearing & Appointing Counsel.  (Doc. #8, Exh. 8.)  Judge Reese granted an evidentiary hearing on Grounds One, Three, and Five, and summarily denied relief on Grounds Two, Four, Six, Seven, and Eight.

New counsel was appointed to represent Petitioner at the Evidentiary Hearing, and the evidentiary hearing was conducted on August 6, 2001.  At the conclusion of the hearing, Judge Reese made oral findings.  (Doc. #8, Exhibit 9, pp. 675-77.)  On September 5, 2001, Judge Reese entered an Order Denying Defendant's Motion for

-4-

Postconviction Relief (Doc. #8, Exh. 10) as to Grounds One, Three, and Five.

Petitioner, by and through yet another attorney, appealed these orders to the Second District Court of Appeals, raising one ground as to the denial of Grounds Four and Six above:

> THE COURT ERRED IN SUMMARILY DENYING MR. SANCHEZ-TORRES TWO CLAIMS IN HIS RULE 3.850 MOTION WITHOUT THE TRIAL TRANSCRIPTS.  THE COURT HELD THAT THERE WAS NO PROSECUTORIAL MISCONDUCT IN THE STATE'S OPENING STATEMENT AND CLOSING ARGUMENT, BUT HE MADE THAT RULING WITHOUT READING THE TRANSCRIPTS.  THE COURT ALSO ERRED IN FINDING THAT TRIAL COUNSEL WAS NOT INEFFECTIVE IN CONCEDING GUILT IN OPENING STATEMENTS WHEN SUCH STATEMENTS WERE NOT TRANSCRIBED.  WITHOUT ANY LEGAL OR FACTUAL BASIS, THE COURT DENIED THE TWO CLAIMS, IN VIOLATION OF MR. SANCHEZ-TORRES' DUE PROCESS RIGHTS.

(Doc. #8, Exh. 11.)  On December 13, 2002, after the State's responsive brief (Doc. #8, Exh. 12), the Second District Court of Appeals issued a decision *per curiam* affirming.  See Sanchez-Torres v. State, 835 So. 2d 1132 (Fla. 2d DCA 2002)(Table).  (Doc. #8, Exh. 13.)  The Mandate was issued on January 7, 2003.  (Doc. #8, Exh. 14.)

## II.

Because Petitioner filed his § 2254 Petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003), cert. denied, 543 U.S. 811 (2004).  The AEDPA "establishes a more deferential standard of

review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).  Several aspects of § 2254, as amended by the AEDPA, are relevant to a review of this Petition.

### A.

A federal court may entertain an application for a writ of habeas corpus from a person in state custody pursuant to a State court judgment only on the ground that petitioner is in custody in violation of the United States Constitution or the laws or treaties of the United States.  28 U.S.C. § 2254(a).  A violation of state law is insufficient to warrant review or relief by a federal court under § 2254.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

### B.

If the ground(s) asserted warrant review by a federal court under § 2254, petitioner must still have given the State courts the opportunity to address the federal issue(s).  A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ."  28 U.S.C. 2254(b)(1)(A); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir.), cert. denied, 525 U.S. 963 (1998).  "In other words, the state prisoner must give the state courts an opportunity to act on

his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Henderson, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Snowden, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing O'Sullivan, 526 U.S. at 845), cert. denied sub nom. Pruitt v. Hooks, 543 U.S. 838 (2004). This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance. O'Sullivan, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 US. 1136 (2002). Under the procedural default doctrine, "[i]f the

petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." Smith, 256 F.3d at 1138.  "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." Henderson, 353 F.3d at 891 (quoting Judd v. Haley, 250 F.3d at 1313).

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court.  Henderson, 353 F.3d at 892; Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995), cert. denied, 519 U.S. 838 (1996).  Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted.  Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000); Henderson, 353 F.3d at 896-97.  To show "prejudice," petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  Henderson, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  <u>Edwards</u>, 529 U.S. at 451; <u>Henderson</u>, 353 F.3d at 892.  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent."  <u>Henderson</u>, 353 F.3d at 892.  <u>See</u> <u>also</u> <u>House v. Bell</u>, 126 S. Ct. 2064 (2006).

### C.

Even where the claim is federal in nature and has been properly exhausted, additional § 2254 restrictions apply.  Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  <u>See</u> <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005); <u>Price v. Vincent</u>, 538 U.S. 634, 638-39 (2003).

"Clearly established Federal law" is the governing legal principle, not the *dicta*, set forth by the United States Supreme Court at the time the state court issues its decision.  <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 660-61 (2004); <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71-72 (2003).  Where no Supreme Court precedent is on

point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003); Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir.), cert. denied, 540 U.S. 965 (2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown, 544 U.S. at 141; Stephens v. Hall, 407 F.3d 1195, 1202 (11th Cir.)(citations omitted), cert. denied, 126 S. Ct. 278 (2005). A state court decision does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. Early v. Parker, 537 U.S. 3, 8 (2002); Parker v. Secretary, 331 F.3d 764, 775-76 (11th Cir. 2003), cert. denied sub nom. Parker v. Crosby, 540 U.S. 1222 (2004).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but applies it to the facts of the particular inmate's case in an objectively unreasonable manner; or if the state court either unreasonably

extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. Brown, 544 U.S. at 1439; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001).  The unreasonable application inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Mitchell, 540 U.S. at 17-18; Andrade, 538 U.S. at 75-77; Vincent, 538 U.S. at 639; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Williams v. Taylor, 529 U.S. 362, 409-10 (2000).  Depending upon the legal principle at issue, there can be a range of reasonable applications.  Alvarado, 541 U.S. at 663-64.  Thus, a federal court's review is not de novo, but requires a showing that the state court decision is objectively unreasonable.  Id. at 665-66.

**D.**

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(2).  Where credibility is at issue, relief may only be granted if it was unreasonable for the state court to credit the testimony of the witness.  Rice v. Collins, 126 S. Ct. 969, 974 (2006).  Additionally, a factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. §

2254(e)(1); Miller-El v. Dretke, 125 S. Ct. 2317, 2325 (2005); Henderson, 353 F.3d at 890-91.   The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.   Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001).   An ineffective assistance of counsel claim is a mixed question of law and fact, Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006), and therefore the presumption does not apply to determinations of the ineffective assistance of counsel.

### E.

A petitioner is restricted in his ability to use an evidentiary hearing in a federal habeas proceeding to develop facts to support his claim.   A federal evidentiary hearing is only allowed if (1) petitioner was not at fault for failing to develop the factual bases for his claims in state court, or (if he was at fault), if the conditions prescribed by § 2254(e)(2) apply. Bradshaw v. Richey, 126 S. Ct. 602, 605-06 (2005); Holland v. Jackson, 542 U.S. 649, 652-53 (2004).   Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
>
> (A) the claim relies on -
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously
unavailable; or
(ii) a factual predicate that could
not have been previously discovered
through the exercise of due
diligence; and

(B) the facts underlying the claim would be
sufficient to establish by clear and
convincing evidence that but for
constitutional error, no reasonable factfinder
would have found the applicant guilty of the
underlying offense.

Even if an evidentiary hearing is not precluded by § 2254(e)(2), a
federal evidentiary hearing is not required unless petitioner
demonstrates that he would be entitled to habeas relief on his
claim(s) if his factual allegations are proven. Breedlove v.
Moore, 279 F.3d 952, 960 (11th Cir. 2002), cert. denied sub nom.
Breedlove v. Crosby, 537 U.S. 1204 (2003).

**F.**

After the AEDPA, the Strickland v. Washington, 466 U.S. 668
(1984) standard remains applicable. E.g., Bradshaw v. Richey, 126
S. Ct. 602 (2005). The Supreme Court established a two-part test
for determining whether a convicted person is entitled to habeas
relief on the ground that his or her counsel rendered ineffective
assistance: (1) whether counsel's representation was deficient,
i.e., "fell below an objective standard of reasonableness" "under
prevailing professional norms"; and (2) whether the deficient
performance prejudiced the defendant, i.e., there was a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different. Strickland,

466 U.S. at 687-88.  "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied, ____ S. Ct. ____, 2006 WL 3257162 (Nov. 13, 2006).  A Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is "highly deferential." Id.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90.  An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Flores-Ortega, 528 U.S. at 476-77.  If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal.  If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir.), cert. denied, 520 U.S. 1246 (1997).  Non-meritorious claims which are not raised on appeal do not

constitute ineffective assistance of counsel.  <u>Diaz v. Sec'y for
Dep't Of Corr.</u>, 402 F.3d 1136, 1144-45 (11th Cir.), <u>cert. denied
sub nom.</u> <u>Diaz v. Crosby</u>, 126 S. Ct. 803 (2005).

### III.

Respondent argues that Grounds One and Two were not fully
exhausted in state court, and thus are procedurally barred in this
§ 2254 proceeding, because they were not raised in the appeal from
the denial of the Rule 3.850 motion.  The first ground is whether
trial counsel was constitutionally ineffective by failing to inform
petitioner of the consequences of not accepting a plea offer by the
State or that the State could enhance the maximum penalty allowable
by law, and the second ground is whether trial counsel provided
ineffective assistance by failing to strike several jurors who
could not be deemed impartial.  Petitioner asserts that the issues
were raised on appeal.  (Doc. #11, p. 5.)

### A.

A preliminary issue is whether a claim of ineffective
assistance of trial counsel can be procedurally defaulted in the §
2254 context.  In <u>Massaro v. United States</u>, 538 U.S. 500 (2003),
the Supreme Court held that in a § 2255 proceeding there is no
procedural default for failure to raise an ineffective assistance
of counsel claim on direct appeal.  Cases which have discussed
whether <u>Massaro</u> applies to a § 2254 proceeding have concluded that
<u>Massaro</u> does not alter the well established procedural default
rules for ineffective assistance of counsel claims in § 2254

-15-

proceedings.   E.g.   Hayes v. Battaglia, 403 F.3d 935 (7th Cir. 2005); Sweet v. Bennett, 353 F.3d 135 (2d Cir. 2003).   The Eleventh Circuit, while not discussing Massaro, has applied procedural default rules to an ineffective assistance of counsel issue where the matter was not fairly presented to the state courts.   Williams v. Allen, 458 F.3d 1233 (11th Cir. 2006).   Additionally, the Supreme Court, also without discussing Massaro, found that it was error for a federal habeas court to consider an ineffective assistance of counsel claim without first determining whether a procedural default was excused.   Bradshaw v. Richey, 126 S. Ct. at 605-06.   Therefore, the Court concludes that the procedural default principles remain unchanged by Massaro in the § 2254 context.

## B.

The record clearly establishes that although Grounds One and Two of the § 2254 petition were raised by Petitioner in his Rule 3.850 motion, the issues were not raised on the appeal of the order denying that motion.   Rather, the sole issue in the appeal of the Rule 3.850 denial was whether the state judge erred by deciding issues without ordering certain portions of the trial transcript. This issue and the arguments supporting it did not fairly present to the state appellate court the two grounds petitioner now seeks to argue in his § 2254 petition.   Unless excused, the failure to properly exhaust these issues will bar these issues from being considered in this § 2254 petition.

The only possible basis to excuse the procedural default is ineffective assistance of appellate counsel in failing to raise these two issues in the appeal of the Rule 3.850 denial.  As discussed above, even if the Court were to find deficient performance by appellate counsel, the omitted issue must have had a reasonable probability of success on appeal in order for prejudice to be shown.  As discussed below, the Court finds the two omitted issues lack merit, and therefore no ineffective assistance of appellate counsel has been established as cause for the procedural default.  Additionally, there has been no allegation or showing of a fundamental miscarriage of justice to excuse the procedural default.  Accordingly, Grounds One and Two are procedurally defaulted.

**IV.**

Assuming alternatively that the first ground is not procedurally defaulted, the Court concludes that it is without merit.  Additionally, the Court concludes that petitioner's Rule 3.850 appellate counsel was not ineffective by failing to raise this issue on appeal.

Petitioner argues that his trial counsel was ineffective by failing to inform him of the consequences of not accepting the plea offer.  At the state court evidentiary hearing, Petitioner's trial counsel testified that although an e-mail exchange occurred between himself and the prosecutor, no formal plea agreement was offered by the State.  More specifically, defense counsel (Mr. Bass) stated:

> You're saying this is an offer. I'm going to let the Court know I didn't perceive this as an offer. I perceived this as let's talk about it, which we did. An offer may have come out of these discussions at this point, but certainly there was not a plea offer as at least I thought it was. It was not quid pro quo at this point in terms of a guaranteed sentence or anything like that at this point.

(Doc. #8, Exh. 9 at 658.) Defense counsel also testified that upon receipt of the scoresheet from the State reflecting the guideline range, he would have discussed it with Petitioner and presented it as an offer at some point before the adversarial preliminary hearing. Defense counsel further testified that the offer was due to expire at the hearing. (<u>Id.</u> at 659-662.) Defense counsel testified that Petitioner specifically rejected the offer, and that although his recollection was based on a combination of standard practice and some independent recollection, he would have counseled Petitioner to take the plea offer because the offer did not consider any prior convictions petitioner may have had. (<u>Id.</u> at 664-665.)

Petitioner testified at the state court hearing that the "[f]irst thing that happened is my attorney told me that the offer was for 54 months, to take it or otherwise they were going to bring up more charges." (<u>Id.</u> at 671.) Petitioner testified that he was not told, nor was he aware, of any additional time that could go with the additional charges, <u>id.</u> at 671-672, and that he would have pleaded guilty had he been aware of the consequences of not doing so, <u>id.</u> at 674.

At the conclusion of the hearing, Judge Reese found:

Regarding the failure to explain the rejection of the plea offer.  It is based upon Mr. Bass' testimony here today as well as the Court's being familiar with Mr. Bass and his practice and procedure in defending a number of these types of cases, the Court finds no basis to not accept as truthful the testimony of Mr. Bass, especially before the preliminary hearing which so much hinges on. State wants for, this is a paraphrase, and I apologize if it's not, if you make us bring this witness in then all bets are off and additional charges will follow; and, of course, with additional charges comes the potential or the possibility of additional sentences if convicted.

The defendant's version of the facts including his contradiction here on the stand which I understood what he was saying, the interpreter interpreted as best she could, he contradicted himself.  I don't find his testimony worthy of belief regarding his conversation with Mr. Bass, and his position at this point that at the end all would be – that he should have taken the plea originally offered.  The plea discussion originally offered.

I don't find any reasonable basis to support that. The defendant's motion for post conviction relief is denied.

(Id. at 676-677.)  In his written Order, Judge Reese stated: "3. The testimony convinces this Court that there was no plea offer, and the State's 'offer to engage in plea discussions' was conveyed to Defendant. . . . "  (Doc. #8, Exh. 10.)

As to the decision by appellate counsel not to raise Ground One on appeal, the Court finds that there was neither deficient performance or prejudice to petitioner.  The state judge heard the evidence, applied the correct law, made credibility determinations, and set forth factual findings which were dispositive of the issue. The credibility determinations were supported by competent substantial evidence.  An unbroken series of Florida Supreme Court

cases since at least 1984 have stated that as long as the trial court's findings are supported by competent substantial evidence, an appellate court will not substitute its judgment for that of the trial court on questions of fact, credibility of witnesses, or the weight to be given to the evidence. <u>Farina v. State</u>, 937 So. 2d 612, (Fla. 2006); <u>Blanco v. State</u>, 702 So. 2d 1250, 1252 (Fla. 1997); <u>Demps v. State</u>, 462 So. 2d 1074, 1075 (Fla. 1984). Under Florida law, there was no possibility that Judge Reese's findings or conclusions would be reversed by an appellate court. Appellate counsel was not ineffective in failing to raise this issue on appeal, and therefore Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice which would excuse the failure to exhaust his state remedies as to this claim.

Applying the AEDPA standards summarized above, the Court further finds that the decision by Judge Reese was not contrary to and did not involve an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence or involve an improper credibility determination. It is clear that Judge Reese applied the <u>Strickland</u> standard, and the record fully supports his findings of fact and conclusions of law. Having reviewed the entire record, the Court finds that there was no ineffective assistance of trial counsel as to Ground One.

**V.**

In Ground Two, petitioner argues that trial counsel was constitutionally ineffective for failing to strike several jurors who could not have been deemed impartial.   More specifically, Petitioner argues that counsel should have challenged prospective jurors who stated that they had been victims of crimes and prospective jurors that had family ties to law enforcement.   (Doc. #3, p. 14.)

An Excerpt of Transcript of Proceedings (Doc. #8, Exh. 16) of the jury selection was filed pursuant to Judge Reese's order. After general questioning, counsel for Petitioner questioned potential juror Mr. Francis:

> MR. BASS:  . . . Do you think that there is a – even though the State's going through all this, that he may be the guy but he didn't do what they said he did?
>
> MR. FRANCIS: There is a possibility.
>
> MR. BASS: But you think he probably is the one that did it, is that right?
>
> MR. FRANCIS: Yeah.

(Doc. #16, p. 756.)  Counsel for Petitioner asked the potential jurors "whether anybody close to [them] has ever been the victim of any type of child abuse or rape or anything like that, and if [they]'d just raise [their] hands, it would assist [Mr. Bass]." (Id. at p. 757.)  Upon receiving an affirmative response, Mr. Bass questioned one of the potential jurors, Ms. Jensen further:

> MR. BASS:  And knowing that you have gone through something like this – again, I'm not getting into the facts, I think that I'm sort of familiar with them, I think Ms. Cathers is intimately familiar with them – do you think this would be the kind of case you should sit

on or do you think maybe you should be sitting on a case
that doesn't involve the allegation of anything having to
do with sexual abuse, rape, anything like that?

MS. JENSEN:  I think I can be objective.  I mean if
you're asking if my past will affect my judgment, I don't
believe so. . . .

(Id. at pp. 759-761.)  As to potential juror Mr. Koch, who

indicated that his "sister was sexually attacked and slashed when

she was 14", defense counsel asked:

MR. BASS: Is it something that you can just take out of
your mind or is it something you might have in the back
of of your mind while listening to a case about sexual
battery?

MR. KOCH: I'm sure it would bring back memories or
thoughts, I'm sure.

MR. BASS: Which could cloud your ability to listen fairly
- I mean to be fair to Mr. Sanchez-Torres? That's what we
are here about.  So you think it might?

MR. KOCH: Yes, I think it might, only because from my
recollection of the things that I read and heard, I
personally don't think it looks very good for him.
That's my real personal opinion.  I would be lying if I
told you any different. . . .

(Id. at p. 763.)  As to a potential juror who indicated that she

was raped, the following exchange took place:

THE COURT: When did that occur?

MS. CUSSON: When I was in my twenties.  I'm in my forties
now.

THE COURT: Would you be able to set aside that experience
and serve with an open mind in this case?

MS. CUSSON: I believe I can.

THE COURT: Your verdict would be based upon the law as
it's presented in this trial?

MS. CUSSON: Right.  This seems like something completely different to me.  I mean I was kidnapped, and I don't understand the circumstances of this trial, I don't know, but I was snatched from behind.

. . .

MR. BASS: Judge, I have one question.  Were these people who did this to you, any of them Hispanic?

MS. CUSSON: Yes.

. . .

MS. CATHERS: Do you harbor any feelings about people who are Hispanic in general because of that?

MS. CUSSON: No, not at all, no.  I work with Spanish people.  With all types I look at everybody as an individual.

(Id. at pp. 765-766.)

At sidebar, in Petitioner's presence, the State exercised no challenges for cause.  Counsel for Petitioner exercised a challenge for cause as to Ms. Jensen and Mr. Francis, which were granted. Counsel for Petitioner had no further challenges for cause.  The Court further inquired,

THE COURT:  For the record, Ms. Cusson set forth that she was a victim of rape involved with Hispanics.  You are not challenging Ms. Cusson for cause?

MR. BASS: Nope.

THE COURT: Is this acceptable to your client?

MR. BASS: Is this acceptable to you that I'm not challenging Ms. Cusson for cause? Is that okay?

THE DEFENDANT: That's all right.

THE COURT: Do you wish to have Ms. Cusson challenged for cause, sir?  I would consider granting a challenge for cause as to Ms. Cusson.  Is that acceptable for cause as

to Ms. Cusson.  Is that acceptable to you, Ms. Cusson not
being challenged for cause?

THE DEFENDANT: I accept.

THE COURT: She's acceptable to you?

THE DEFENDANT: Yeah.

THE COURT: Mr. Koch also has indicated his sister was
attacked, he has memories of that.  You are not challenging him for ca

MR. BASS: Oh, actually I am challenging him for cause,
Your Honor.

. . .

THE COURT: Challenge for cause is granted as to Mr. Koch.

(Id. at pp. 770-771.)

The final jury panel consisted of jurors Peel, Campbell,
Kartel, Bilodeau, Devoe and O'Connor with the alternate being
Hardcastle.  None of the jurors who heard Petitioner's case were
challenged, and none had otherwise indicated a history of sexual
assault.  In his written Order after the evidentiary hearing, Judge
Reese stated: "The transcript (pages 3-93) conclusively shows that
Defendant is entitled to no relief for failure of counsel to
challenge certain jurors during voir dire."  (Doc. #8, Exh. 10.)

As to the decision by appellate counsel not to raise this
issue on appeal, the Court finds that there was neither deficient
performance nor prejudice to petitioner.  Petitioner consented to
the one juror who may have otherwise been subject to excusal, and
none of the other jurors had given responses remotely justifying or
requiring the exercise of a peremptory challenge.  The mere fact
that a juror is married to a retired police officer (Devoe) or a

-24-

dispatcher (Kartel) is insufficient to support a conclusion that the jurors were not impartial or that trial counsel was ineffective for not challenging them. Appellate counsel was not ineffective in failing to raise Ground Two on appeal, and therefore Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice which would excuse the failure to exhaust his state remedies as to this claim.

The Court also finds that the issue does not warrant relief under § 2254. The findings and conclusions by Judge Reese were not contrary to and did not involve an unreasonable application of clearly established law, nor did the decision by Judge Reese result in a decision based on an unreasonable determination of the facts in light of the evidence or upon improper credibility findings. Given the record, it is clear that trial counsel's performance was not deficient during jury selection, that there was no improper failure to challenge jurors, and that no prejudice resulted to petitioner.

## VI.

Petitioner argues that counsel was ineffective for failing to object to comments by the State during opening and closing arguments. In response to petitioner's Rule 3.850 motion, Judge Reese entered an Order Denying In Part Motion For Postconviction Relief, Setting Evidentiary Hearing, & Appointing Counsel which stated in part: "In his fourth ground for relief, the Defendant alleges ineffective assistance of counsel for failing to object to

improper comments made by the prosecutor in opening and closing arguments. This ground is DENIED because the Defendant fails to identify with specificity what statements were allegedly made by the prosecutor, or why the statements were objectionable." (Doc. #8, Exh. 8, ¶5.) Before the evidentiary hearing, counsel for petitioner and the State agreed that the transcript of jury selection and closing arguments of *defense counsel* were necessary, and this transcript was filed and considered by Judge Reese. (Id. at Exh. 9, p. 6.) After an evidentiary hearing the state court judge found: "2. The transcript (pages 93-120) conclusively shows that Defendant is entitled to no relief for [defense] counsel's statements during closing arguments." (Doc. #8, Exh. 10.) On appeal, petitioner argued that deciding this claim without a transcript of the State's opening statement and closing argument was error and a violation of his due process rights. The Florida appellate court affirmed Judge Reese per curiam.

Florida law on the procedural aspects of a Rule 3.850 motion is well settled. A Rule 3.850(d)

> claim may be denied without a hearing where "the motion, files, and records in the case conclusively show that the movant is entitled to no relief." Thus, to support summary denial without a hearing, a trial court must either state its rationale or attach to its order those specific parts of the record that refute each claim presented in the motion. Further, when the trial court denies postconviction relief without conducting an evidentiary hearing, "this Court must accept [the defendant's] factual allegations as true to the extent they are not refuted by the record." However, the defendant has the burden of establishing a legally sufficient claim. If the claim is legally sufficient,

> [an appellate court] must then determine whether the
> claim is refuted by the record.

Mungin v. State, 932 So. 2d 986, 995-96 (Fla. 2006)(internal
citations and footnotes omitted). Defendant's obligation to state
an ineffective assistance of counsel claim is also well settled.

> In Smith v. State, 445 So. 2d 323 (Fla. 1983), this Court
> held that a defendant asserting an ineffective assistance
> of counsel claim must specifically allege and establish
> grounds for relief and establish whether such grounds
> resulted in prejudice to him or her. . . . Since Smith,
> which was decided prior to Strickland v. Washington, . .
> . this Court has further held that a defendant alleging
> an ineffective assistance of counsel claim must set out
> in his or her motion sufficient facts which, if proven,
> would establish the two prongs necessary for relief based
> upon ineffectiveness, as outlined in Strickland.   See
> Freeman v. State, 761 So. 2d 1055, 1061-62 (Fla. 2000).
> In a rule 3.850 motion, a defendant must therefore assert
> facts that support his or her claim that counsel's
> performance was deficient and that the defendant was
> prejudiced by counsel's deficient performance.

Nelson v. State, 875 So. 2d 579, 583 (Fla. 2004). To the extent
petitioner complains about the lack of a transcript of the
prosecutor's opening statement and closing argument, this is not
cognizable in a § 2254 proceeding. Quince v. Crosby, 360 F.3d
1259, 1261-62 (11th Cir.)("while habeas relief is available to
address defects in a criminal defendant's conviction and sentence,
an alleged defect in a collateral proceeding does not state a basis
for habeas relief."), cert. denied, 543 U.S. 960 (2004); Spradley
v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987)(claims of error at
Rule 3.850 proceeding do not state basis for habeas relief).

    To the extent petitioner raises an ineffective assistance of
counsel claim, the Court must first determine whether the comments

and/or argument were objectionable. Petitioner did not originally specify the comments or how they were prejudicial, except to argue that "the prosecutor made comments that were unnecessarily prejudicial against the Defendant, particularly, the prosecution made comments on evidence not admitted for trial, and comments referring to the defendant's character, also, had counsel objected to certain prejudicial comments and requested curative instructions." (Doc. #3, p. 17.) The transcript of the opening and closing arguments of the prosecutor were produced in this § 2254 proceeding and served upon petitioner, but he has not filed a supplement identifying any improper statements or arguments.

The Court has reviewed the transcript of the prosecutor's opening statement (Doc. #22.) The statement was a short, factual recitation of the evidence the prosecutor intended to introduce. There was nothing objectionable about any portion of the statement. The Court has also reviewed the transcript of the prosecutor's closing argument (Doc. #22). Defense counsel made four objections (Doc. #22, pp. 22, 26, 36, 37), three of which were overruled. The Court finds that there were no areas of the closing argument where counsel's performance was deficient by failing to object, and that no prejudice resulted to petitioner from the failure to make additional objections.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

-28-

1.  Silvestre Sanchez-Torres' Petition for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. #1) is **DISMISSED** as to Grounds One and Two on the basis of procedural default, and alternatively is **DENIED** as to Grounds One and Two on the merits; and **DENIED** as to Ground Three.

2.  The Clerk of the Court shall enter judgment accordingly and shall close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this   14th   day of November, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Parties of record

-29-